UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MITCHEL DAVIS,

       Petitioner,                              Hon. Jane M. Beckering

v.                                                  Case No. 1:24-cv-121

BEACON LODGE HOUSE, et al.,

       Respondents.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Respondents' Motion to Dismiss. (ECF No. 34). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Respondents' motion be granted and this action terminated.

**BACKGROUND**

Petitioner initiated this action against Beacon Lodge House[1] as well as its Chief Operating Officer, Darren Hodgdon, and Supervising Manager, April McCreery. (ECF No. 1). In his petition, Davis alleges the following.

---

[1] Beacon Specialized Living is an organization that provides housing and other services "to individuals with intellectual and mental health disabilities." *See* Beacon Specialized Living, available at https://beaconspecialized.org/ (last visited Oct. 31, 2024). Beacon Lodge House is one of its residential care facilities located in Stanton, Michigan. *See* The Lodge/Stanton, available at https://beaconspecialized.org/michigan-residence/the-lodge-stanton/ (last visited Oct. 31, 2024).

-1-

Petitioner was committed, pursuant to state court order, to the care of the Ascension Borgess Hospital Mental Health Ward. Petitioner was later transferred to Beacon Lodge House pursuant to state court order. Petitioner moves this Court to order his immediate release. Respondents now move to dismiss this action on jurisdictional grounds. Petitioner has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## ANALYSIS

On February 16, 2023, the Honorable Gary Giguere entered an "Initial Order after Hearing on Petition for Mental Health Treatment." (ECF No. 34-2, PageID.180-82). Following a hearing at which Petitioner was represented by counsel, the judge ordered that Petitioner be hospitalized for psychiatric treatment. (*Id.*). The judge issued this order on the ground that due to "mental illness," [Petitioner's] "judgment is so impaired" that hospitalization "is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to [Petitioner] or others." (*Id.*, PageID.180).

On March 3, 2023, Petitioner initiated an action in this court challenging Judge Giguere's Order. *Davis v. Ascension Borgess Hospital*, case no. 1:23-cv-229 (W.D. Mich.). On March 20, 2023, the Honorable Ray Kent recommended that Petitioner's action be dismissed on jurisdictional grounds. (*Id.*, ECF No. 8). Specifically, Judge Kent observed that Petitioner's action was barred by the *Rooker-*

*Feldman* doctrine, which provides that federal district courts lack jurisdiction to hear appeals of state court orders. (*Id.*). This recommendation was subsequently adopted by the Honorable Robert J. Jonker. (*Id.*, ECF No. 10-11).

On January 16, 2024, the Honorable Jennifer Callaghan entered a "Continuing Order for Mental Health Treatment" directing that Petitioner be committed to Beacon Lodge House for psychiatric treatment. (ECF No. 12-1, PageID.42-44). This Order was entered because Petitioner exhibited "a history of breaking into other's homes in the community and knocking on doors to homes believing that the homeowner is 'squatting' in his home." (ECF No. 12-3, PageID.53-59). Petitioner's neighbors expressed "a concern for [Petitioner's] safety [because of] these behaviors in the community." (*Id.*). It was further noted that Petitioner "has a long history of mental health services" and "has limited insight to his mental illness and has a long history of stopping his psychiatric medications." (*Id.*).

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

The present action suffers from the same jurisdictional shortcoming identified by Judges Kent and Jonker. Petitioner is seeking to appeal a state court order that he be committed for psychiatric treatment. This Court, however, lacks the authority and jurisdiction to hear Plaintiff's "appeal." *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (the federal district courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *see also, Hake v. Simpson*, 770 Fed. Appx. 733, 736 (6th Cir., May 1, 2019) (same). Accordingly, the undersigned recommends that Respondents' motion to dismiss be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Respondents' Motion to Dismiss (ECF No. 34) be granted and this action terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Petitioner would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                                           Respectfully submitted,

Date: November 4, 2024　　　　　　　　　/s/ Phillip J. Green
　　　　　　　　　　　　　　　　　　　　PHILLIP J. GREEN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge